IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: LAUREN JOSEPH DUNN, )<br>)<br>*Debtor/Appellant* )<br>_____ ) | |
| )<br>KIM-DUNG T. NGUYEN, )<br>)<br>*Appellee,* )<br>)<br>v. )<br>)<br>LAUREN JOSEPH DUNN, )<br>)<br>*Debtor/Appellant,* )<br>)<br>and )<br>)<br>H. JASON GOLD, )<br>)<br>*Chapter 7 Trustee* )<br>_____ ) | Civil Action No. 1:15-cv-672<br>Appeal from United States<br>Bankruptcy Court, Eastern District<br>of Virginia<br>Case No. 15-10999 |

## MEMORANDUM OPINION

This matter comes before the Court on Appellant Lauren Joseph Dunn's appeal from the Bankruptcy Court's Order dated May 12, 2015. The appeal has been fully briefed by the parties. Dkt. Nos. 3, 4, 7. Because the challenged order granting relief from an automatic stay is final and appealable, this Court has jurisdiction over the appeal pursuant to 28 U.S.C. 158(a). *In re Lee*, 461 F. App'x 227, 231 (4th Cir. 2012) (citations omitted). For the reasons stated below, the decision of the Bankruptcy Court will be affirmed.

1

I. **Background**

On August 21, 2014, Debtor/Appellant Lauren Joseph Dunn entered into a six-month residential lease agreement as a tenant regarding real property located at 7506 Davian Drive, Annandale, Virginia. The landlord and owner of the property is Plaintiff/Appellee Kim-Dung T. Nguyen. Dunn failed to pay rent for the month of December 2014, resulting in a breach of the terms of the lease. Thereafter, on January 23, 2015, a "Five Day Notice to Pay Rent or Vacate" was provided to Dunn. The lease expired, by its terms, on February 28, 2015. To date, Dunn has not vacated the premises, nor has he paid the rent due for the months of December 2014 through June 2015.

After the statutory time period to cure the default expired, Nguyen filed an unlawful detainer suit against Dunn in the General District Court of Fairfax County. On the morning of March 27, 2015, the date set for trial, Dunn informed the court that he had filed for Chapter 7 bankruptcy, which resulted in an automatic stay of that proceeding. Nguyen subsequently filed a motion for relief from the automatic stay in the Bankruptcy Court for the Eastern District of Virginia. She argued that Dunn's failure to make payments for the rent due in December 2014 and all subsequent months, combined with the lease's lack of value to the bankruptcy estate, was sufficient cause for the Bankruptcy Court to lift the stay to allow her to pursue a remedy in the Fairfax County proceeding. Following an evidentiary hearing on May 6, 2015, the Bankruptcy Court issued an Order lifting the stay. This appeal followed.

II. **Standard of Review**

The Court reviews the Bankruptcy Court's factual findings for clear error. *E.g.*, Bankr. R. 8013; *In re Morris Commc'ns NC, Inc.*, 914 F.2d 458, 467 (4th Cir. 1990). A factual finding is "clearly erroneous when, although there is evidence to support it, the reviewing court ... is left

2

with the definite and firm conviction that a mistake has been made." *Morris Commc'ns*, 914 F.2d at 467 (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Importantly, factual findings must be afforded "due regard ... to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Bankr. R. 8013. The Bankruptcy Court's legal conclusions are reviewed *de novo*. E.g., *IRS v. White*, 487 F.3d 199, 204 (4th Cir. 2007).

## III. Discussion

Dunn appeals the order of Bankruptcy Court lifting the automatic stay on the grounds that the Bankruptcy Court's factual findings were contrary to the evidence. In support thereof, he maintains that he had "impinged the credibility" of Nyugen as a witness, and that there was "conflicting testimony" from Nguyen about having sold the house and employing a real estate agent during the lease negotiations. Appellant's Br. 2. Nguyen contends that the appeal is baseless, as the proffered basis "is not a legal argument." Appellee's Br. 2.

At the evidentiary hearing, both Dunn and Nguyen testified. Following brief legal argument by both sides, the Bankruptcy Court made the following findings of fact: (1) because the lease expired by its terms on February 28, 2015, the lease is not assumable under § 365 of the Bankruptcy Code; (2) Dunn is in material monetary default on the lease for having failed to make the required monthly payments since December 2014; and (3) Nguyen owns the property in which Dunn resides and that he refuses to vacate. The Bankruptcy Court concluded that Dunn's testimony on Nguyen's alleged violations of Virginia law for temporarily shutting off the utilities was a matter for the state court to determine and, more importantly, irrelevant for the purposes of the motion to lift the stay. Having found Nguyen to be "credible and believable," the Bankruptcy Court granted the motion. Evidentiary Hr'g Tr. 36:9–10.

3

By statute, a bankruptcy court may grant relief from an automatic stay "for cause." 11 U.S.C. § 362(d)(1). Particularly relevant in this case, "[a] continued failure to make monthly payments ... can constitute cause for granting relief from the automatic stay." *In re James River Assocs.*, 148 B.R. 790, 797 (E.D. Va. 1992) (upholding order granting motion to lift stay where owner of real estate failed to make payments to secured creditor under a note and deed of trust). Similarly here, Dunn's failure to make payments under the lease while continuing to occupy the premises constituted sufficient cause for the Bankruptcy Court to grant Nguyen's motion so that she could pursue her unlawful detainer action against Dunn in state court.

Significantly, the Bankruptcy Court's factual findings are entitled to substantial deference due to its superior ability to judge the credibility of the witnesses. *E.g.*, Bankr. R. 8013; *Morris Commc'ns*, 914 F.2d at 467. Although Dunn claims to have "impinged" Nyugen's credibility at the hearing, the Bankruptcy Court obviously disagreed. More importantly, Dunn's testimony on her alleged violation of the law with respect to shutting off the utilities and violating the stay was irrelevant to the Bankruptcy Court's ultimate determination on whether cause existed to warrant lifting the automatic stay. Although his testimony that Nguyen had sold the house potentially bore on whether she had standing to bring the motion, the Bankruptcy Court did not clearly err in finding that she was in fact the owner of the residence, as Dunn presented no evidence to support his claim besides his own self-serving testimony. Accordingly, the Court concludes that none of the Bankruptcy Court's factual findings were clearly erroneous, and that the motion for relief from the automatic stay was properly granted under § 362(d) of the Bankruptcy Code.

## IV. Conclusion

For the foregoing reasons, the Court will affirm the Order of the Bankruptcy Court lifting the automatic stay. Although the Court finds the appeal to be without merit, it will not sanction

the pro se Appellant—who, without the benefit of counsel, likely thought he had a valid basis upon which to appeal the order—for filing the appeal.

An appropriate Order shall issue.

August 18, 2015

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge